Order Filed on
**04/22/2013**
by Clerk U.S. Bankruptcy
Court District of New Jersey

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2

**KLEHR HARRISON HARVEY BRANZBURG LLP**
(A Pennsylvania Limited Liability Partnership)
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002
Telephone:    (215) 568-6060
Morton R. Branzburg (MB 7251)
Domenic E. Pacitti (DP 1792)
Carol Ann Slocum (CS 2818)

-and-

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt (admitted *pro hac vice*)

*Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., <u>et al.</u>,[1] | Case No. 13-16253 (JHW) |
| Debtors. | Jointly Administered |
| | Related Docket Entries: 5, 64 |

**FINAL ORDER (A) AUTHORIZING DEBTORS TO OBTAIN
POSTPETITION FINANCING AND LETTERS OF CREDIT, (B)
GRANTING LIENS AND SUPERPRIORITY CLAIMS, (C)
AUTHORIZING USE OF CASH COLLATERAL, AND (D) GRANTING
<u>ADEQUATE PROTECTIONS TO PREPETITION SECURED PARTIES</u>**

The relief set forth on the following pages two (2) through sixty-two (62) is hereby ORDERED:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Revel AC, Inc. (3856); NB Acquisition LLC (9387); Revel AC, LLC (4456); Revel Atlantic City, LLC (9513); and Revel Entertainment Group, LLC (2321).  The Debtors' corporate headquarters and service address is:  500 Boardwalk, Atlantic City, New Jersey 08401.

**DATED: 04/22/2013**

_____
Honorable Judith H. Wizmur
United States Bankruptcy Court

Page 2
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Upon the motion (the "Motion"),[2] dated March 25, 2013, of Revel AC, Inc. (the

"Borrower" or "Revel") and the other above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases")

for interim and final orders pursuant to sections 105, 361, 362, 363, and 364 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2002,

4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the

"Bankruptcy Rules"), and Rule 4001-4 of the Local Rules of the United States Bankruptcy Court

for the District of New Jersey (as amended, the "Local Bankruptcy Rules"), seeking, among

other things, on a final basis:

(i)      authorization for the Borrower to obtain postpetition financing (the

"Financing"), and the Guarantors (as defined herein) to unconditionally guaranty, on a

joint and several basis, the obligations of all Obligors (as defined herein) in connection

with the Financing, consisting of (1) a senior secured priming first-out superpriority

revolving credit facility in an aggregate principal commitment amount of $125,000,000;

(such facility, the "Revolving Credit Facility"; such commitments, the "Revolving Credit

Commitments"; the loans issued under the DIP Facility, the "DIP Revolving Loans"),

including up to $1,000,000 available for the issuance of new commercial and standby

letters of credit, and (2) a senior secured priming superpriority term loan facility in an

aggregate principal amount of up to $125,000,000 (such facility, the "Term Loan

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Motion or the DIP Loan Agreement (as defined below), as applicable.

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 3
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Facility"; the loans issued under such facility, the "DIP Term Loans"; the DIP Revolving

Loans together with the DIP Term Loans, collectively, the "DIP Loans"; the Term Loan

Facility together with the Revolving Credit Facility, collectively, the "DIP Facility");

(a) to be secured by liens on all of the property of each Obligor (as defined herein) and

each Obligor's "estate" (as created pursuant to section 541(a) of the Bankruptcy Code),

including property of any kind or nature whatsoever, real or personal, tangible or

intangible, whether now owned or hereafter acquired or existing and wherever located,

including, without limitation, all inventory, accounts receivable, general intangibles,

contracts, chattel paper, owned real estate, real property leaseholds, governmental

approvals, licenses and permits, fixtures, machinery, equipment, deposit accounts,

patents, copyrights, trademarks, trade names, rights under license agreements and other

intellectual property, securities, partnership or membership interests in limited liability

companies and capital stock of subsidiaries of the Debtors, including, without limitation,

the products and proceeds thereof (but for the avoidance of doubt excluding any property

over which the creation or granting of a lien would violate any applicable Gaming Laws),

but not including any avoidance actions under sections 502(d), 544, 545, 547, 548, 549,

550, or 553 of the Bankruptcy Code ("Avoidance Actions") or proceeds thereof (all of

such foregoing property, but excluding the Excluded Property (as defined herein),

collectively, the "Collateral"); and (b) to be entered into between, on the one hand, the

Borrower, as a debtor and debtor-in-possession under the Bankruptcy Code, and the other

Debtors and, on the other hand, JPMorgan Chase Bank, N.A., as administrative agent and

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 4
DEBTOR:   REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

collateral agent (and any successors in such capacities, the "DIP Agent"), JPMorgan

Chase Bank, N.A., as letter of credit issuer (in such capacity, the "Issuing Bank"), and

certain financial institutions that are party to the DIP Loan Agreement from time to time

(each a "DIP Lender" and, collectively, the "DIP Lenders"), with the Secured Obligations

to be guaranteed (the "Guarantee") with respect to obligations of the Borrower,

unconditionally and jointly and severally by each of the Debtors excluding the Borrower

(the "Guarantors" and, together with the Borrower, the "Obligors");

(ii)      authorization for the Obligors to execute and deliver additional

final documentation consistent with the terms of (or as may be required by) that certain

Debtor-in-Possession Credit Agreement, dated as of March 27, 2013 (as the same may be

amended, modified, restated and/or supplemented, the "DIP Loan Agreement"), by and

among the Debtors, the DIP Agent, the Issuing Bank and the DIP Lenders, in

substantially the form attached as Exhibit A to the Motion, and granting the other relief

requested in the Motion, on an interim basis pursuant to the interim order, dated March

27, 2013 (Docket No. 64) (the "Interim Order" and, the date upon which the Interim

Order was entered (i.e., March 27, 2013), the "Interim Order Entry Date"), and on a final

basis pursuant to this final order (the "Final Order", and the date upon which this Final

Order is entered, the "Final Order Entry Date"; the Interim Order, together with the DIP

Loan Agreement, the Guarantees, the Security Documents, the Approved Budget, this

Final Order, and any other related security, collateral or other ancillary documentation,

collectively, each as it may be amended, modified, restated and/or supplemented, the

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 5
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

"DIP Documents"), and to perform such other and further acts as may be required in connection with the DIP Documents;

(iii)    authorization for the Borrower's use of proceeds of the Financing as expressly provided in the DIP Documents in accordance with the terms therein, including, without limitation, to: (a) pay in full the outstanding balance of all loans and other obligations, including any unpaid fees, costs and expenses, outstanding under the Prepetition 2012 Credit Agreement (as defined herein), (b) pay reasonable costs, fees and expenses (the "Transaction Expenses"; the borrowing of loans and obtaining of letters of credit under the DIP Facility and the payment of Transaction Expenses, collectively, the "Transactions"), including attorney's fees and expenses of the DIP Agent and the Steering Committee in connection with the Transactions, (c) pay for fees, costs and expenses incurred by persons or firms retained by the Debtors pursuant to section 327, 328 or 363 of the Bankruptcy Code in connection with the Chapter 11 Cases ("Debtors' Professional Fees"), (d) subject to the limitations set forth in this Final Order, pay for fees, costs and expenses incurred by persons or firms retained by the Creditors' Committee pursuant to section 328 and 1102 of the Bankruptcy Code in connection with the Chapter 11 Cases ("Committee's Professional Fees"), (e) provide for ongoing working capital requirements of the Obligors and to pay fees, costs and expenses relating to the Chapter 11 Cases (other than Debtors' Professional Fees and Committee's Professional Fees), each in accordance with the DIP Documents, and (f) to fund the

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 6
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

currently identified capital expenditures, subject to certain conditions as set forth in the

DIP Documents and consistent with the Approved Budget;

(iv)    the grant to the DIP Agent, for the benefit of itself, the Issuing

Bank, the DIP Lenders and each of the other Secured Parties (collectively, the "DIP

Secured Parties") of liens and other protections to secure the Secured Obligations, in

accordance with the relative priorities set forth more fully below, but subject in all

respects to the Carve-Out (as defined herein):

(a)    pursuant to section 364(c)(1) of the Bankruptcy Code, joint

and several superpriority administrative expense status claims against each of the

Debtors in the Chapter 11 Cases in respect of the Secured Obligations (without

the need to file a proof of claim), with priority over any and all other obligations,

liabilities and indebtedness against each Obligor, now existing or hereafter

arising, of any kind whatsoever, including on the proceeds of Avoidance Actions

(but not the Avoidance Actions themselves), and including any and all

administrative expenses or other claims of the kind specified in or arising under

sections 105, 326, 328, 330, 331, 503(b), 506(c), 507, 546(c), 552(b), 726, 1113

or 1114 of the Bankruptcy Code, whether or not such expenses or claims may

become secured by a judgment lien or other non-consensual lien, levy or

attachment, whether now in existence or hereafter incurred by the Debtors, which

claims status shall at all times be senior to the rights of the Obligors, the Obligors'

estates and any successor trustee, estate representative or any creditor, in any of

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:       REVEL AC, INC., et al.
CASE NO.:     13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

the Chapter 11 Cases or any subsequent cases or proceedings under the

Bankruptcy Code (the "DIP Lender Superpriority Claim"), which such DIP

Lender Superpriority Claim (A) shall have recourse to and be payable from all

prepetition and postpetition assets of the Debtors (including, but not limited to,

the Collateral, but, for the avoidance of doubt, excluding (x) the ERGG Proceeds

and (y) any property over which the creation or granting of such claim would

violate any applicable Gaming Laws (collectively, the "Excluded Property") and

(B) shall be *pari passu* with respect to the Revolving Credit Facility and the Term

Loan Facility;

        (b)     pursuant to section 364(c)(2) of the Bankruptcy Code,

valid, enforceable, perfected and unavoidable first-priority liens on, and security

interests in, all Collateral of each of the Obligors that is not subject to a valid,

perfected, and non-avoidable lien in existence on the Filing Date (as hereinafter

defined), which first-priority liens and security interests shall be perfected without

necessity of the execution or filing of mortgages, security agreements, pledge

agreements, financing statements or other agreements or documents;

        (c)     pursuant to section 364(c)(3) of the Bankruptcy Code,

valid, enforceable, perfected and unavoidable liens on, and security interests in

(collectively, "Section 364(c)(3) DIP Liens"), all Collateral (other than Collateral

described in clause (b) above and (d) below, as to which the liens and security

interests in favor of the DIP Agent, for the benefit of the DIP Secured Parties, are

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 8
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

as described in such clauses) that are subject to valid and non-avoidable liens or security interests as of the Filing Date that were permitted pursuant to the terms of the Prepetition 2012 Credit Agreement or (with respect to any statutory liens) applicable law and which were senior to the liens and security interests granted under the Prepetition 2012 Credit Documents (as defined herein) and that were either perfected as of the Filing Date or subsequently perfected pursuant to section 546(b) of the Bankruptcy Code (collectively, the "Senior Liens"), which such Section 364(c)(3) DIP Liens shall be junior to such Senior Liens and shall themselves be perfected without the necessity of the execution or filing of mortgages, security agreements, pledge agreements, financing agreements or other agreements; and

(d)    pursuant to section 364(d)(1) of the Bankruptcy Code, valid, enforceable, perfected and unavoidable first-priority, senior priming liens on, and security interests in, all of the Collateral (except the ERGG Proceeds (as defined herein)) on which (A) liens or security interests were granted as security for the obligations under or in connection with the Prepetition Term Loan Credit Documents (as defined herein) or the Prepetition Second Lien Indenture Documents (as defined herein) or (B) liens or security interests that were granted as of the Filing Date but were not permitted pursuant to the terms of the Prepetition 2012 Credit Agreement or (with respect to statutory liens) applicable law or which were junior to the liens and security interests that were granted as

*Approved by Judge Judith H. Wizmur April 22, 2013*

DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

security for the obligations under or in connection with the Prepetition 2012
Credit Documents, all of which existing liens, security interests, rights and
interests (the "Primed Liens") shall be primed by, and made subject and
subordinate to, the valid, enforceable, perfected and unavoidable first-priority
senior priming liens in the Collateral to be granted to the DIP Agent, for the
benefit of the DIP Secured Parties (the "Priming Liens" and, together with the
liens described in clauses (b) and (c) above, collectively, the "DIP Liens")), which
Priming Liens shall also be senior to any liens or security interests granted after
the Filing Date to provide adequate protection in respect of any of the Primed
Liens, and such Priming Liens shall be perfected without necessity of the
execution or filing of mortgages, security agreements, pledge agreements,
financing statements or other agreements;

     (v)    the grant of adequate protection to the secured parties whose liens
and security interests are being primed by the Priming Liens as set forth below;

     (vi)    authorization for the Obligors to use any Cash Collateral (as
defined herein) in which Adequate Protection Parties (as defined herein) may have an
interest and the granting of certain protections to any of the Adequate Protection Parties
with respect to, *inter alia*, use of their Cash Collateral in accordance with the Approved
Budget (other than, in the case of the requirement to use such cash in accordance with the
Approved Budget, to the extent of payments on account of Debtors' Professional Fees

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

and Committee's Professional Fees benefitting from the Carve-Out) and the use (and any

Diminution in Value (as defined herein)) of their collateral as provided herein;

(vii)    vacatur and modification of the automatic stay imposed by

section 362 of the Bankruptcy Code to implement and effectuate the terms and provisions

of the DIP Documents and this Final Order;

(viii)    the waiver of any applicable stay (including under Bankruptcy

Rule 6004) and provision of relief to cause this Final Order to be immediately effective

upon its entry by the Court; and

(ix)    authorization of the Borrower to continue to perform under an

arrangement letter (the "Exit Facility Engagement Letter") and related exit fee letter (the

"Exit Facility Fee Letter") in each case with J.P. Morgan Securities LLC, as exit arranger

(the "Exit Arranger"), and to pay all fees to the Exit Arranger under the Exit Facility

Engagement Letter and the Exit Facility Fee Letter.

The interim hearing on the Motion having been held on March 27, 2013 (the

"Interim Hearing"); and the Court having entered the Interim Order effective as of March 27,

2013; and pursuant to the Interim Order, the Court having authorized and approved during the

period commencing on the Interim Order Entry Date but prior to the Final Order Entry Date,

entry into the DIP Facility, the DIP Documents and the borrowings by the Obligors of (x) the

DIP Term Loans and (y) the Revolving Credit Facility up to an amount not exceeding the sum of

(i) the sum of $20,000,000 plus the outstanding undrawn amounts under the Existing LC and the

Day Club Cap Ex LC plus (ii) an amount equal to the aggregate amount necessary to fund all

Page 11
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Roll-Up Borrowings required under the DIP Facility at the Roll-Up Ratio of 5.11:1.0, in each

case subject to compliance with the terms, conditions, and covenants described in the DIP

Documents; and as of April 17, 2013, the DIP Lenders having funded an amount equal to

approximately $35,770,000.00 of Roll-Up Borrowings; and the Court having conducted a final

hearing on April 18, 2013 (the "Final Hearing") to consider entry of this Final Order granting the

relief requested in the Motion on a final basis and authorizing the balance of the borrowings

under the DIP Documents on a final basis and the repayment in full of the outstanding balance of

all amounts due, including fees, costs and expenses, under the Prepetition 2012 Credit

Documents; and based upon all of the pleadings filed with the Court, the evidence presented at

the Interim Hearing and the Final Hearing and the entire record herein; and the Court having

heard and resolved or overruled any objections (formal or informal) to the interim and final relief

requested in the Motion; and the Court having noted the appearances of all parties in interest; and

it appearing that the relief requested in the Motion is in the best interests of the Obligors and the

Obligors' estates, and creditors; and the Obligors having provided notice of the Motion and of

the Final Hearing in compliance with Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-4;

and after due deliberation and consideration, and sufficient cause appearing therefor:

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 12
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

**BASED ON THE RECORD ESTABLISHED AT THE
INTERIM HEARING AND THE FINAL HEARING, THE COURT HEREBY MAKES
THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]**

A.    <u>Filing Date</u>.   On March 25, 2013 (the "<u>Filing Date</u>"), the Debtors

commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.   The Debtors are operating their businesses and managing their affairs as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   The

Chapter 11 Cases are being jointly administered under Case No. 13-16253 (JHW).   No trustee or

examiner has been appointed in any of these Chapter 11 Cases.

B.    <u>Jurisdiction; Venue</u>.   The Court has jurisdiction over the Chapter 11

Cases, the parties, and the Obligors' property pursuant to 28 U.S.C. §§ 157 and 1334.   This is a

core proceeding pursuant to 28 U.S.C. §157(b)(2)(D).   Venue of the Chapter 11 Cases and the

Motion is proper under 28 U.S.C. §§ 1408 and 1409.   The statutory predicates for the relief

sought herein are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy

Rules 2002, 4001, 6004, and 9014 and the Local Bankruptcy Rules.

C.    <u>Committee Formation</u>.   On April 15, 2013, an official committee of

unsecured creditors was appointed pursuant to section 1102 of the Bankruptcy Code (the

"<u>Creditors' Committee</u>").

D.    <u>Prepetition Secured Debt Documents/Debt Arrangements</u>.   All of the

Debtors represent that they are party to (i) that certain Credit Agreement, dated as of May 3,

2012 (as amended to date, and as it may hereafter be amended, supplemented or modified from

---

[3]    Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as
finding of fact, pursuant to Bankruptcy Rule 7052.

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 13
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

time to time, the "Prepetition 2012 Credit Agreement", and the "Loan Documents", as such term

is defined therein, the "Prepetition 2012 Credit Documents"), by and among the Debtors, the

lenders party thereto (collectively, the "Prepetition 2012 Credit Agreement Lenders"), JPMorgan

Chase Bank, N.A., as the administrative agent, collateral agent, swingline lender and issuing

bank (in any such capacities thereunder, the "Prepetition 2012 Credit Agreement Agent"), and

J.P. Morgan Securities LLC, as sole lead arranger and sole bookrunner; (ii) that certain Credit

Agreement, dated as of February 17, 2011 (as amended to date, and as it may hereafter be

amended, supplemented or modified from time to time, the "Prepetition Term Loan Credit

Agreement", and the "Loan Documents", as such term is defined therein, the "Prepetition Term

Loan Credit Documents"), by and among the Debtors, the lenders party thereto (collectively, the

"Prepetition Term Loan Credit Agreement Lenders"), JPMorgan Chase Bank, N.A., as the

administrative agent and collateral agent (in any capacity thereunder, the "Prepetition Term Loan

Credit Agreement Agent"), J.P. Morgan Securities LLC, as lead arranger and syndication agent

and joint bookrunning manager, and others; and (iii) that certain Indenture for the 12% Second

Lien Notes due 2018 (the notes issued thereunder, the "Prepetition Second Lien Notes"; the

holders of the Prepetition Second Lien Notes (either separately or as part of any Unit (as defined

in the Prepetition Second Lien Indenture)), the "Prepetition Second Lien Noteholders"), dated as

of February 17, 2011 (as amended to date, and as it may hereafter be amended, supplemented or

modified from time to time, the "Prepetition Second Lien Indenture", and together with the

"Collateral Documents", as such term is defined therein, the "Prepetition Second Lien Indenture

Documents"; the Prepetition 2012 Credit Documents, the Prepetition Term Loan Credit

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 14
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Documents and the Prepetition Second Lien Indenture Documents, collectively, the "Prepetition

Secured Debt Documents"), by and among the Debtors and U.S. Bank National Association (the

"Prepetition Second Lien Trustee"), as trustee and collateral agent;

        E.        Stipulations.  In requesting the Financing under the DIP Documents, each

of the Obligors, subject to paragraph 16 hereof, permanently, immediately, and irrevocably

acknowledges, represents, stipulates, and agrees, on behalf of itself and the other Obligors, that:

        a.        (i) as of the Filing Date, (a) the Obligors were indebted and jointly and severally

                liable to the Prepetition 2012 Credit Agreement Agent and the Prepetition 2012

                Credit Agreement Lenders, without defense, counterclaim, recoupment or offset

                of any kind, in the aggregate principal amount of approximately $202,381,283.38

                in respect of term and revolving loans, and $8,048,088.23  in respect of undrawn

                letters of credit, in each case made pursuant to, and in accordance with the terms

                of, the Prepetition 2012 Credit Documents, plus interest thereon at the applicable

                default and non-default contract rates, as applicable, and fees, expenses, charges,

                and all other "Obligations" (as defined in the Prepetition 2012 Credit Agreement)

                incurred in connection therewith (collectively, the "Prepetition 2012 Credit

                Agreement Obligations"), (b) the Obligors were indebted and jointly and

                severally liable to the Prepetition Term Loan Credit Agreement Agent and the

                Prepetition Term Loan Credit Agreement Lenders, without defense, counterclaim,

                recoupment or offset of any kind, in the aggregate principal amount of

                approximately $895,500,000 in respect of term loans made pursuant to, and in

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

accordance with the terms of, the Prepetition Term Loan Credit Documents, plus

interest thereon at the applicable default and non-default contract rates, as

applicable, and fees, expenses, charges, and all other "Obligations" (as defined in

the Prepetition Term Loan Credit Agreement) incurred in connection therewith

(collectively, the "Prepetition Term Loan Credit Agreement Obligations"), (c) the

Obligors were indebted and jointly and severally liable to the Prepetition Second

Lien Trustee and the Prepetition Second Lien Noteholders, without defense,

counterclaim, recoupment or offset of any kind, in the aggregate principal amount

of approximately $365,741,000 in respect of Prepetition Second Lien Notes made

pursuant to, and in accordance with the terms of, the Prepetition Second Lien

Indenture Documents, plus interest thereon at the applicable default and non-

default contract rates, as applicable, and fees, expenses, charges, and all other

obligations incurred in connection therewith (collectively, the "Prepetition Second

Lien Obligations" and together with the Prepetition 2012 Credit Agreement

Obligations and the Prepetition Term Loan Credit Agreement Obligations, the

"Prepetition Secured Obligations"); (ii) the Prepetition Secured Obligations

constitute the legal, valid, binding, and unavoidable obligations of the Obligors,

enforceable in accordance with the terms of the Prepetition Secured Debt

Documents (other than in respect of the stay of enforcement arising from

section 362 of the Bankruptcy Code), and (iii) all claims in respect of the

Prepetition Secured Obligations are not and shall not be subject to any avoidance,

*Approved by Judge Judith H. Wizmur April 22, 2013*

DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

reduction, set off, offset, recharacterization, subordination (whether equitable, contractual, or otherwise, in each case, other than as contemplated by the Prepetition Intercreditor Agreements as provided herein), counterclaims, cross-claims, recoupment, defenses, disallowance, impairment, or any other challenges under the Bankruptcy Code or any other applicable domestic or foreign law or regulation by any person or entity;

b.       as of the Filing Date, the Prepetition 2012 Credit Agreement Agent and the Prepetition Term Loan Credit Agreement Agent were party to that certain Intercreditor Agreement, dated as of May 3, 2012 (as amended to date, and as it may hereafter be amended, supplemented or modified from time to time, the "Prepetition First Lien Intercreditor Agreement"), and the Prepetition Term Loan Credit Agreement Agent and the Prepetition Second Lien Trustee were party to that certain Intercreditor Agreement, dated as of February 17, 2011 (as amended to date, and as may hereafter be amended, supplemented or modified from time to time, the "Prepetition Second Lien Intercreditor Agreement", and together with the Prepetition First Lien Intercreditor Agreement, collectively, the "Prepetition Intercreditor Agreements"), which Prepetition Intercreditor Agreements set forth the relative priorities of the Prepetition Secured Obligations and shall remain in full force and effect throughout the pendency of the Chapter 11 Cases;

c.       pursuant to the Prepetition Secured Debt Documents, liens and security interests were granted in connection with the Prepetition Secured Obligations in favor of

*Approved by Judge Judith H. Wizmur April 22, 2013*

DEBTOR:     REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

the Prepetition 2012 Credit Agreement Agent, the Prepetition Term Loan Credit

Agreement Agent and the Prepetition Second Lien Trustee, for the benefit of

themselves and the secured parties under the Prepetition 2012 Credit Documents,

the Prepetition Term Loan Credit Documents and the Prepetition Second Lien

Indenture Documents, respectively (collectively, the "Prepetition Liens"), and

such Prepetition Liens are (i) legal, valid, binding, perfected, enforceable (other

than in respect of the stay of enforcement arising from section 362 of the

Bankruptcy Code), liens on and security interests in the personal, mixed and real

property described in the Prepetition Secured Debt Documents (collectively, the

"Prepetition Collateral") with the relative priorities as set forth in the Prepetition

Intercreditor Agreements, (ii) granted to the Prepetition 2012 Credit Agreement

Agent, the Prepetition Term Loan Credit Agreement Agent and the Prepetition

Second Lien Trustee, for the benefit of themselves and the secured parties under

the Prepetition 2012 Credit Documents, the Prepetition Term Loan Credit

Documents and the Prepetition Second Lien Indenture Documents, respectively,

and (iii) are not and shall not be subject to any avoidance, reduction, set off,

offset, recharacterization, subordination (whether equitable, contractual, or

otherwise, in each case, other than as contemplated by the Prepetition

Intercreditor Agreements as provided herein), counterclaims, cross-claims,

recoupment, defenses, disallowance, impairment, or any other challenges under

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 18
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

the Bankruptcy Code or any other applicable domestic or foreign law or

regulation by any person or entity;

d.    none of the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent,

the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit

Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the

Prepetition Second Lien Trustee, or the Prepetition Second Lien Noteholders are

control persons or insiders of the Obligors by virtue of determining to make any

loan, providing financing or performing obligations under the DIP Documents,

the Prepetition 2012 Credit Documents, the Prepetition Term Loan Credit

Documents or the Prepetition Second Lien Indenture Documents;

e.    as of the date hereof, there exists no claims or causes of action against any of the

DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the

Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit

Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the

Prepetition Second Lien Trustee, or the Prepetition Second Lien Noteholders with

respect to, in connection with, related to, or arising from the Prepetition Secured

Debt Documents that may be asserted by the Obligors;

f.    as of the date hereof, to the Debtors' knowledge, there are no liens on or security

interests in the Collateral except for (i) the Prepetition Liens, (ii) the Senior Liens,

(iii) the DIP Liens and (iv) the Adequate Protection Liens; and

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 19
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

g.      the Obligors forever and irrevocably release, discharge, and acquit the former,

future or current DIP Secured Parties, the Prepetition 2012 Credit Agreement

Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term

Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement

Lenders, the disbursement agent under the DIP Loan Agreement, the Prepetition

2012 Credit Agreement, and the Prepetition Term Loan Credit Agreement, and

each of their respective former, current, or future officers, employees, directors,

agents, representatives, owners, members, partners, financial advisors, legal

advisors, shareholders, managers, consultants, accountants, attorneys, affiliates,

and predecessors in interest (collectively, the "Releasees") of and from any and

all claims, demands, liabilities, responsibilities, disputes, remedies, causes of

action, indebtedness and obligations, rights, assertions, allegations, actions, suits,

controversies, proceedings, losses, damages, injuries, attorneys' fees, costs,

expenses, or judgments of every type, whether known, unknown, asserted,

unasserted, suspected, unsuspected, accrued, unaccrued, fixed, contingent,

pending, or threatened including, without limitation, all legal and equitable

theories of recovery, arising under common law, statute or regulation or by

contract, of every nature and description, first arising on or before the date of the

Interim Order and arising out of, in connection with, or relating to the Financing,

the DIP Documents, the Prepetition 2012 Credit Documents, the Prepetition Term

Loan Credit Documents and ancillary documentation, guarantees, security

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 20
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

documentation and collateral documents executed in support of the foregoing, the

Prepetition Secured Obligations, or the transactions contemplated hereunder or

thereunder including, without limitation, (i) any avoidance, reduction, set off,

offset, recharacterization, subordination (whether equitable, contractual, or

otherwise), except as permitted herein and in the Prepetition Intercreditor

Agreements, so-called "lender liability," claims, counterclaims, cross-claims,

recoupment, defenses, disallowance, impairment, or any other challenges under

the Bankruptcy Code or any other applicable domestic or foreign law or

regulation by any person or entity, (ii) any and all claims and causes of action

arising under the Bankruptcy Code, and (iii) any and all claims and causes of

action with respect to the validity, priority, perfection or avoidability of the liens

or claims of the DIP Secured Parties, the Prepetition 2012 Credit Agreement

Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term

Loan Credit Agreement Agent, and the Prepetition Term Loan Credit Agreement

Lenders.

F.    Cash Collateral.   For purposes of this Final Order, the term "Cash

Collateral" shall mean and include all "cash collateral", as defined in section 363 of the

Bankruptcy Code, in which the Prepetition 2012 Credit Agreement Agent, the Prepetition Term

Loan Credit Agreement Agent, and, to the extent applicable, the Prepetition Second Lien

Trustee, for the benefit of themselves and the secured parties under the Prepetition 2012 Credit

Documents, the Prepetition Term Loan Credit Documents and the Prepetition Second Lien

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 21
DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Indenture Documents, respectively, have liens, security interests, or other interests (including,
without limitation, the Adequate Protection Liens (as defined herein) or security interests)
whether existing on the Filing Date or thereafter created.  The Obligors require the use of Cash
Collateral to operate their businesses.  Without the use of Cash Collateral, the Obligors will not
be able to meet their cash requirements for working capital needs, which will result in an
immediate shutdown of the Obligors' businesses.  The DIP Secured Parties, the Prepetition 2012
Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term
Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, and, to the
extent applicable, the Prepetition Second Lien Trustee and the Prepetition Second Lien
Noteholders, do not consent to the use of Cash Collateral except on the terms and for the
purposes specified herein and the other DIP Documents.

G.     Purpose and Necessity of Financing.  The Obligors assert the following:
the Obligors require the Financing described in the Motion and as expressly provided in the DIP
Documents to (a) (i) pay in full the outstanding balance of all loans and other obligations,
including any unpaid fees, costs and expenses, outstanding under the Prepetition 2012 Credit
Agreement, (b) pay Transaction Expenses associated with the Transactions, (c) pay for the
Debtors' Professional Fees and (subject to the limitations set forth in this Final Order)
Committee's Professional Fees, (d) provide ongoing working capital requirements of the
Obligors and to pay fees, costs and expenses relating to the Chapter 11 Cases (other than
Debtors' Professional Fees and Committee's Professional Fees), each in accordance with the DIP
Documents, and (e) make the currently identified capital expenditures, subject to conditions as

Approved by Judge Judith H. Wizmur April 22, 2013

Page 22
DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER: Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

set forth in the DIP Documents.   If the Obligors do not obtain authorization to incur

indebtedness, under the DIP Loan Agreement, and the DIP Loans are not approved, the Obligors

will suffer immediate and irreparable harm.   The Obligors are unable to obtain adequate

unsecured credit allowable as an administrative expense under section 503 of the Bankruptcy

Code, or other financing under sections 364(c) or (d) of the Bankruptcy Code, on equal or more

favorable terms than those set forth in the DIP Documents.   A loan facility in the amount

provided by the DIP Documents is not available to the Obligors without granting the DIP Agent,

for the benefit of the DIP Secured Parties, superpriority claims, liens, and security interests,

pursuant to sections 364(c)(1), (2), (3), and 364(d) of the Bankruptcy Code, as provided in this

Final Order and the DIP Documents.   After considering all alternatives, the Obligors have

concluded, in the exercise of their prudent business judgment, that the credit facility provided

under the DIP Documents represents the best and only working capital financing available to

them at this time.   The Obligors have been unsuccessful in their attempts to find any alternative

financing.   Additionally, the terms of the Financing and the use of Cash Collateral are fair and

reasonable and reflect the Obligors' exercise of prudent business judgment consistent with their

fiduciary duties.

      H.     Good Cause.   Based upon the record presented to the Court by the

Obligors, it appears that the ability of the Obligors to obtain sufficient working capital and

liquidity under the DIP Documents, and use of Cash Collateral, is vital to the Obligors and the

Obligors' estates and creditors.   The Obligors reasonably believe that the liquidity to be provided

under the DIP Documents and through the use of the Cash Collateral will enable the Obligors to

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 23
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

continue to operate their businesses in the ordinary course and preserve the value of their

businesses.  The Obligors and the Obligors' estates will be immediately and irreparably harmed

if this Final Order is not entered.  Good cause has, therefore, been shown for the relief sought in

the Motion.

I.    <u>Good Faith</u>.  The Financing and the DIP Documents have been negotiated

in good faith and at arm's length among the Obligors and the DIP Secured Parties, and all of the

obligations and indebtedness arising under, in respect of or in connection with the Financing and

the DIP Documents, including, without limitation, all loans made to, letters of credit issued for

the benefit of, and guarantees issued by the Obligors pursuant to the DIP Documents, and any

other obligations under the DIP Documents, including, without limitation, credit extended in

respect of overdrafts and related liabilities and other depositary, treasury, and cash management

services and other clearing services provided by any of the DIP Secured Parties or their

respective affiliates shall be deemed to have been extended by each of the DIP Secured Parties,

and, as applicable in accordance with the DIP Documents, their affiliates, in good faith, as that

term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the

protections offered by section 364(e) of the Bankruptcy Code, and the Secured Obligations, the

DIP Liens, the DIP Lender Superpriority Claim, and, to the extent applicable, the Adequate

Protection Obligations (as defined herein) shall be entitled to the full protection of section 364(e)

of the Bankruptcy Code and the terms, conditions, benefits, and privileges of this Final Order

regardless of whether this Final Order is subsequently reversed, vacated, modified, or otherwise

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 24
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

is no longer in full force and effect or the Chapter 11 Cases are subsequently converted or

dismissed, in each case, as of such date.

J.    Consideration.  All of the Obligors will receive and have received fair

consideration and reasonably equivalent value in exchange for access to the DIP Loans, the use

of Cash Collateral, and all other financial accommodations provided under the Financing, the

DIP Documents and this Final Order.

K.    Interim Order.  Based on the Motion, the Interim Hearing, and all relevant

pleadings filed with this Court, the Court approved the Debtors' entry into and performance

under the DIP Documents (other than this Final Order) on an interim basis and other requested

interim relief and entered the Interim Order on the Interim Order Entry Date.

L.    Immediate Entry of Final Order.  The Obligors have requested immediate

entry of this Final Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2).  The Motion and

this Final Order comply with Local Bankruptcy Rule 4001-4.  The permission granted herein to

enter into the DIP Documents and to obtain funds thereunder is necessary to avoid immediate

and irreparable harm to the Obligors.  This Court concludes that entry of this Final Order is in

the best interests of the Obligors and the Obligors' respective estates and creditors as its

implementation will, among other things, allow for the continued flow of supplies and services to

the Obligors necessary to sustain the operation of the Obligors' existing businesses and further

enhance the Obligors' prospects for a successful restructuring.  Based upon the foregoing

findings, acknowledgements, and conclusions, and upon the record made before this Court at the

Interim Hearing and the Final Hearing, and good and sufficient cause appearing therefor;

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 25
DEBTOR:   REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

## IT IS HEREBY ORDERED:

1. <u>Disposition</u>.  The Motion is GRANTED on a final basis and on the terms set forth herein.  Any objections to the Motion that have not previously been withdrawn, waived, settled, or resolved and all reservations of rights included therein are hereby DENIED and OVERRULED on their merits.

2. <u>Effectiveness</u>.  This Final Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Filing Date immediately upon entry hereof.  Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon the Final Order Entry Date and there shall be no stay of execution or effectiveness of this Final Order.

3. <u>Authorization of the Financing and DIP Loan Agreement</u>.

(a)   The Obligors were by the Interim Order and are hereby authorized to execute and enter into the DIP Documents. The DIP Documents and this Final Order shall govern the financial and credit accommodations to be provided to the Obligors by the DIP Lenders in connection with the Financing.

(b)   The Borrower was by the Interim Order authorized to borrow the DIP Term Loans in connection with any Roll-Up Borrowing (as defined in the Interim Order) and have available to it a portion of the Revolving Credit Facility, and is hereby authorized to borrow the DIP Term Loans in full and have available to it the full amount of the Revolving Credit Facility; which shall be used solely as expressly provided in the

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 26
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:     13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

DIP Documents and the Approved Budget (other than, in the case of the requirement to use such cash in accordance with the Approved Budget, to the extent of payments on account of Debtors' Professional Fees and Committee's Professional Fees benefitting from the Carve-Out), including to repay the balance of the outstanding obligations, including fees, costs and expenses, under the Prepetition 2012 Credit Documents. The Guarantors were by the Interim Order and are hereby authorized to unconditionally guaranty (on a joint and several basis) the foregoing borrowings and the Borrower's other obligations under the DIP Documents, including, without limitation, costs, fees and other expenses and amounts provided for in the DIP Loan Agreement, in accordance with the terms of this Final Order and the DIP Loan Agreement.

(c)      In furtherance of the foregoing and without further approval of this Court, each Obligor was by the Interim Order and is hereby authorized to, and, if so required under the terms of the DIP Documents, shall cause each other Obligor to, perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution or recordation of security agreements, mortgages and financing statements), and to pay all related fees, that may be required or necessary for the Obligors' performance of their obligations under the Financing, including, without limitation:

(i)      the execution, delivery, and performance of the DIP Documents, including, without limitation, the DIP Loan Agreement, any guarantees, any security and pledge agreements, and any mortgages contemplated thereby;

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 27
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

(ii)    subject to paragraph 9 hereof, the execution, delivery and performance of one or more amendments, waivers, consents, or other modifications to and under the DIP Documents, in each case in such form as agreed among the Obligors and the required other parties as set forth in more detail in Paragraph 9;

(iii)    the non-refundable payment of the fees referred to in the DIP Documents, including the Administrative Agent Fees, commitment fees, and Letter of Credit Fees, and, subject to paragraph 8, costs and expenses as may be due in accordance with the DIP Documents; and

(iv)    the performance of all other acts required under or in connection with the DIP Documents.

(d)    All of the DIP Liens and Adequate Protection Liens described herein were by the Interim Order and are hereby reaffirmed as valid, enforceable, effective and perfected as of the Interim Order Entry Date and without the necessity of the execution of mortgages, security agreements, pledge agreements, financing statements, or other agreements.

(e)    The DIP Documents and Secured Obligations constitute valid, binding and non-avoidable obligations of the Obligors enforceable against each of them, and each of their successors and assigns, and each person or entity party to the DIP Documents in accordance with their respective terms and the terms of this Final Order and shall survive conversion of any of the Chapter 11 Cases to a case under chapter 7 of

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

the Bankruptcy Code or the dismissal of any of the Chapter 11 Cases.  No obligation,

payment, transfer, or grant of security under the DIP Documents or this Final Order shall

be stayed, restrained, voidable, avoidable, or recoverable under the Bankruptcy Code or

under any applicable law, or subject to any avoidance, reduction, setoff, recoupment,

offset, recharacterization, subordination (whether equitable, contractual, or otherwise),

counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges

under the Bankruptcy Code or any other applicable foreign or domestic law or regulation

by any person or entity.

4.    Carve-Out.  The Obligors' obligations to the DIP Lenders and the liens,

security interests and superpriority claims granted herein and/or under the DIP Documents,

including the DIP Liens and the Adequate Protection Obligations, as well as the Prepetition

Liens and any other liens, claims or interest of any person, shall be subject and subordinate to the

Carve-Out.  "Carve-Out" shall mean the sum of (i) all fees required to be paid to the clerk of the

Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of title 28

of the United States Code plus interest at the statutory rate (without regard to the notice set forth

in (iii) below); (ii) fees and expenses of up to $25,000 incurred by a trustee under section 726(b)

of the Bankruptcy Code (without regard to the notice set forth in (iii) below); (iii) to the extent

allowed at any time, whether by interim order, procedural order or otherwise, all unpaid fees,

costs and expenses (the "Professional Fees") incurred by persons or firms retained by the

Debtors or the Creditors' Committee pursuant to section 327, 328 or 363 of the Bankruptcy Code

(collectively, the "Professional Persons") at any time before or on the first Business Day

Approved by Judge Judith H. Wizmur April  22, 2013

Page 29
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

following delivery by the DIP Agent of a Carve-Out Trigger Notice (as defined below), whether

allowed by the Bankruptcy Court prior to or after delivery of a Carve-Out Trigger Notice (the

"Pre-Trigger Date Fees"); and (iv) after the first Business Day following delivery by the DIP

Agent of the Carve-Out Trigger Notice (the "Trigger Date"), to the extent allowed at any time,

whether by interim order, procedural order or otherwise, the payment of Professional Fees of

Professional Persons in an aggregate amount not to exceed $2,000,000 incurred on and after the

Trigger Date (the amount set forth in this clause (iv) being the "Post-Carve Out Trigger Notice

Cap"); provided, that nothing herein shall be construed to impair the ability of any party to object

to the fees, expenses, reimbursement or compensation described in clauses (iii) or (iv) above.

After the Carve-Out Reserve has been fully funded, the Debtors may escrow additional monies

in an amount not to exceed the amount of  projected Professional Fees reasonably and in good

faith anticipated by the Debtors to be incurred by the Debtors for the immediately succeeding 30-

day period ("Additional Reserved Funds"), and such Additional Reserved Funds (x) shall not be

available to the DIP Secured Parties for application to the Secured Obligations and (y) shall

reduce on a dollar for dollar basis the Post-Carve Out Trigger Notice Cap.  Notwithstanding the

foregoing, the Carve-Out shall not include, apply to or be available for any fees or expenses

incurred by any party in connection with the investigation, initiation or prosecution of any

claims, causes of action, adversary proceedings or other litigation against any of the DIP Secured

Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement

Lenders, the Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit

Agreement Lenders, the Prepetition Second Lien Trustee, or the Prepetition Second Lien

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 30
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Noteholders, or their respective officers, directors, employees, agents, advisers and counsel, including, without limitation, challenging the amount, validity, perfection, priority or enforceability of or asserting any defense, counterclaim or offset to, the obligations and the liens and security interests granted under the DIP Facility in favor of the DIP Agent, for the benefit of the DIP Secured Parties or the liens and security interests granted under the Prepetition 2012 Credit Documents, the Prepetition Term Loan Credit Documents or the Prepetition Second Lien Indenture Documents in favor of the secured parties thereunder; provided, however, that an amount equal to the Investigation Fund (as defined herein) may be utilized by any statutorily approved committee, if one is appointed, in the Chapter 11 Cases solely to investigate any such claims, liens, causes of such action, adversary proceedings or other litigation.  For purposes of the foregoing, "Carve-Out Trigger Notice" shall mean a written notice delivered by the DIP Agent to the Debtors, its lead counsel, the United States Trustee, and lead counsel for the Creditors' Committee, delivered upon the occurrence and during the continuance of an Event of Default and acceleration of obligations, stating that the Post-Carve Out Trigger Notice Cap has been invoked.  For the avoidance of doubt and notwithstanding anything to the contrary herein, in the DIP Facility, or in any pre-Filing Date loan or financing documents, the Carve-Out shall be senior to all liens and claims securing the DIP Facility, the Adequate Protection Liens and the Prepetition Debt Adequate Protection Claim, and any and all other forms of adequate protection, liens or claims securing the Secured Obligations or the Prepetition Secured Obligations.  On the day on which a Carve-Out Trigger Notice is given to the Debtors, such Carve-Out Trigger Notice also shall constitute a demand to the Debtors to utilize all cash on hand as of such date and any

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

available cash thereafter held by any Debtor to fund a reserve in an aggregate amount equal to

the accrued and unpaid Pre-Trigger Date Fees, and the Debtors shall deposit and hold any such

amounts in a segregated account at the DIP Agent in trust (the "Carve-Out Reserve").

Notwithstanding anything to the contrary in any DIP Documents (including this Final Order),

following an Event of Default, the DIP Secured Parties shall not sweep or foreclose on cash

(including cash received as a result of the sale of any assets) of the Debtors until the Carve-Out

Reserve has been fully funded, but shall have a security interest in any residual interest in the

Carve-Out Reserve, with any excess paid to the DIP Agent for application in accordance with the

DIP Documents.  None of the proceeds of the Collateral or the DIP Loans shall be used in

connection with the initiation or prosecution of any claims, causes of action, adversary

proceedings or other litigation against the DIP Secured Parties or their respective officers,

directors, employees, agents, advisors and counsel, including with respect to any of the liens

created in connection with the DIP Facility.

5.    DIP Lender Superpriority Claim.  The DIP Agent, for the benefit of the

DIP Secured Parties, was by the Interim Order and is hereby granted the DIP Lender

Superpriority Claim, which (i) shall be payable from and have recourse to the Collateral (but, for

the avoidance of doubt, excluding the Excluded Property and the Carve-Out Reserve) and

(ii) shall not be subject to discharge under section 1141 of the Bankruptcy Code.  The DIP

Lender Superpriority Claim granted in this paragraph shall be subject and subordinate in priority

of payment only to the Carve-Out.  Except as expressly set forth herein, unless the Secured

Approved by Judge Judith H. Wizmur April 22, 2013

Page 32
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Obligations have been satisfied in full in cash, no other superpriority claims shall be granted or allowed in the Chapter 11 Cases.

6.      DIP Liens.  (a)  To secure the Secured Obligations, the DIP Agent, for the benefit of the DIP Secured Parties, was by the Interim Order and is hereby granted, in each case subject to the Carve-Out:

(i)      pursuant to section 364(c)(1) of the Bankruptcy Code, joint and several superpriority administrative expense status claims in the Chapter 11 Cases in respect of the Secured Obligations (without the need to file a proof of claim), with priority over any and all other obligations, liabilities and indebtedness against each Obligor, now existing or hereafter arising, of any kind whatsoever, including on the proceeds of Avoidance Actions (but not the Avoidance Actions themselves), and including any and all administrative expenses or other claims of the kind specified in or arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507, 546(c), 552(b), 726, 1113 or 1114 of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, whether now in existence or hereafter incurred by the Debtors, which claims status shall at all times be senior to the rights of the Obligors, the Obligors' estates and any successor trustee, estate representative or any creditor, in any of the Chapter 11 Cases or any subsequent cases or proceedings under the Bankruptcy Code, which such DIP Lender Superpriority Claim (x) shall have recourse to and be payable from all prepetition

*Approved by Judge Judith H. Wizmur April 22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

and postpetition assets of the Debtors (including, but not limited to, the Collateral, but, for the avoidance of doubt, excluding the Excluded Property) and (y) shall be *pari passu* with respect to the Revolving Credit Facility and the Term Loan Facility;

(ii)    pursuant to section 364(c)(2) of the Bankruptcy Code, valid, enforceable, perfected and unavoidable first-priority liens on, and security interests in, all Collateral of each of the Obligors that is not subject to a valid, perfected, and non-avoidable lien in existence on the Filing Date (as hereinafter defined), which first-priority liens and security interests shall be perfected without necessity of the execution or filing of mortgages, security agreements, pledge agreements, financing statements or other agreements or documents;

(iii)    pursuant to section 364(c)(3) of the Bankruptcy Code, valid, enforceable, perfected and unavoidable liens on, and security interests in, all Collateral (other than Collateral described in clause (ii) above and (iv) below, as to which the liens and security interests in favor of the DIP Agent, for the benefit of the DIP Secured Parties, are as described in such clauses) subject to Senior Liens, which Section 364(c)(3) DIP Liens shall be junior to such Senior Liens and shall themselves be perfected without the necessity of the execution or filing of mortgages, security agreements, pledge agreements, financing agreements or other agreements; and

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 34
DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

(iv)      pursuant to section 364(d)(1) of the Bankruptcy Code,  valid, enforceable, perfected and unavoidable first-priority, senior priming liens on, and security interests in, all of the Collateral (except the ERGG Proceeds (as defined herein)) on which (A) liens or security interests were granted as security for the obligations under or in connection with the Prepetition Term Loan Credit Documents or the Prepetition Second Lien Indenture Documents or (B) liens or security interests were granted as of the Filing Date that were not permitted pursuant to the terms of the Prepetition 2012 Credit Agreement or (with respect to statutory liens) applicable law or which were junior to the liens and security interests that were granted as security for the obligations under or in connection with the Prepetition 2012 Credit Documents, all of which existing liens, security interests, rights and interests shall be primed by, and made subject and subordinate to, the valid, enforceable, perfected and unavoidable first-priority senior liens to be granted to the DIP Agent, for the benefit of the DIP Secured Parties, which Priming Liens shall also prime any liens or security interests granted after the Filing Date to provide adequate protection in respect of any of the Primed Liens, and such Priming Liens shall be perfected without necessity of the execution or filing of mortgages, security agreements, pledge agreements, financing statements or other agreements.

(b)      The DIP Liens were effective immediately upon the Interim Order Entry Date.

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

(c)     Except as provided in this Final Order or the DIP Documents, the

DIP Liens shall not at any time be (i) made subject or subordinated to, or made *pari*

*passu* with, any other lien, security interest, or claim existing as of the Filing Date (other

than the Senior Liens), or created under sections 363 or 364(d) of the Bankruptcy Code or

otherwise, or (ii) subject to any lien or security interest that is avoided and preserved for

the benefit of the Obligors' estates under section 551 of the Bankruptcy Code.

(d)     The DIP Liens were and hereby are reaffirmed as fully perfected

liens and security interests, effective and perfected upon the Interim Order Entry Date

without the necessity of execution by the Obligors of mortgages, security agreements,

pledge agreements, financing agreements, financing statements, or other agreements or

documents, such that no additional steps need be taken by the DIP Secured Parties to

perfect such liens and security interests.  Subject to applicable non-bankruptcy law, any

provision of any lease, loan document, easement, use agreement, proffer, covenant,

license, contract, organizational document, or other instrument or agreement that requires

the consent or approval of one or more landlords, licensors, or other parties, or requires

the payment of any fees or obligations to any governmental entity, non-governmental

entity or any other person, in order for any of the Obligors to pledge, grant, mortgage,

sell, assign, or otherwise transfer any fee or leasehold interest or the proceeds thereof or

other collateral, shall have no force or effect with respect to the transactions granting the

DIP Agent, for the benefit of the DIP Secured Parties, a first-priority lien on and security

interest in the Obligors' interest in such fee, leasehold or other interest or other collateral

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

or the proceeds of any assignment, sale or other transfer thereof, by any of the Obligors in

favor of the DIP Agent, for the benefit of the DIP Secured Parties, in accordance with the

terms of the DIP Loan Agreement and the other DIP Documents.

(e)      The DIP Liens, DIP Lender Superpriority Claim, and other rights,

benefits, and remedies granted under the Interim Order and this Final Order to the DIP

Secured Parties shall continue in the Chapter 11 Cases, in any superseding case or cases

under the Bankruptcy Code resulting from conversion of one or more of the Chapter 11

Cases (a "Superseding Case") and following any dismissal of the Chapter 11 Cases, and

such liens, security interests, and claims shall maintain their priority as provided in the

Interim Order and this Final Order until all the Secured Obligations have been

indefeasibly paid in full in cash and completely satisfied and all of the Revolving Credit

Commitments have been terminated in accordance with the DIP Documents.

7.      Authorization to Use Cash Collateral.  Subject to the terms of this Final

Order and the DIP Documents, the Obligors were by the Interim Order and are hereby authorized

to use Cash Collateral in which the Prepetition 2012 Credit Agreement Agent and the Prepetition

Term Loan Credit Agreement Agent and, to the extent applicable, the Prepetition Second Lien

Trustee, for the benefit of themselves and the secured parties under the Prepetition 2012 Credit

Documents and the Prepetition Term Loan Credit Documents and, to the extent applicable, the

Prepetition Second Lien Indenture Documents, respectively, may have an interest, in accordance

with the terms, conditions, and limitations set forth in this Final Order and/or the DIP Documents

(except that, in the case of the requirement to use such cash in accordance with the Approved

Page 37
DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Budget, the Professional Fees).  Any dispute in connection with the use of Cash Collateral shall

be heard by the Court.  Subject to the notice provision in paragraph 13(b) herein, the Debtors'

right to use Cash Collateral hereunder shall terminate without any further action by this Court or

the DIP Agent, and the Obligors shall be prohibited, without the necessity of further Court order,

from using such Cash Collateral hereunder upon the date on which all Revolving Credit

Commitments have been terminated under this Final Order and/or the DIP Documents as a result

of the occurrence of an Event of Default following the expiration of any applicable grace and

notice provision (the "Cash Collateral Termination Date").

8.      Fees.  All fees paid and payable, and costs and/or expenses reimbursed or

reimbursable by the Obligors to the DIP Secured Parties, the Steering Committee and the

Disbursement Agent under the DIP Documents, and all fees paid and payable, and costs and/or

expenses reimbursed or reimbursed by the Obligors to the Exit Arranger under the Exit Facility

Engagement Letter and the Exit Facility Fee Letter were under the Interim Order and are hereby

authorized and approved to be paid.  The Obligors shall promptly pay all such fees, costs, and

expenses on demand, without the necessity of any further application with the Court for approval

or payment of such fees, costs or expenses. Professionals for the DIP Secured Parties, the

Steering Committee, the Disbursement Agent and the Exit Arranger shall not be required to file

fee applications or comply with the fee guidelines for the Office of the United States Trustee for

the District of New Jersey (the "U.S. Trustee"); however, each professional shall provide a copy

of its fee and expense statement to the U.S. Trustee and counsel for the Creditors' Committee,

and each such party shall have ten (10) days from the date of such notice within which to object

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 38
DEBTOR:     REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

in writing to such payment.  Notwithstanding anything to the contrary herein, the fees, costs, and

expenses of the DIP Secured Parties, the Steering Committee and the Disbursement Agent under

the DIP Documents whether incurred prior to or after the Filing Date, including, without

limitation, the Administrative Agent Fees, the Letter of Credit Fees, and the legal fees and

expenses of any Advisors, and the other fees referenced in the DIP Loan Agreement, shall be

deemed fully earned, indefeasibly paid, non-refundable, irrevocable, and non-avoidable on the

date due and payable pursuant to the terms of the DIP Documents and, irrespective of any

subsequent order approving or denying the Financing or any other financing pursuant to section

364 of the Bankruptcy Code, fully entitled to all protections of section 364(e) of the Bankruptcy

Code.  All unpaid fees, costs, and expenses payable under the DIP Documents to the DIP

Secured Parties, the Steering Committee and the Disbursement Agent shall be included and

constitute part of the Secured Obligations and be secured by the DIP Liens.

9.    Amendments, Consents, Waivers, and Modifications.  The Obligors, with

the express written consent of the DIP Agent and, to the extent required by the DIP Loan

Agreement, the Collateral Agent, the Disbursement Agent, the Issuing Bank, the requisite

number of DIP Lenders, and the other Obligors, in each case in compliance with Section 10.02

of the DIP Loan Agreement, may enter into any amendments, consents, waivers, or

modifications to the DIP Documents that are not materially adverse to the Obligors without the

need for further notice and hearing or any order of this Court; provided, however, that, without

the consent of this Court on notice and a hearing, no such amendments, consents, waivers or

modifications shall (i) shorten maturity, (ii) increase commitments or the rate of interest payable

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

under the DIP Documents, (iii) require the payment of any new or additional fee, or (iv) amend

the Events of Default or covenants in the DIP Documents, in each case as applicable to the

Obligors, in any such case to be materially more restrictive to the Obligors; provided, further,

however, that a copy of all amendments, consents, waivers or other modifications shall be filed

with the Court and served by the Obligors on the U.S. Trustee and the Creditors' Committee.  No

consent shall be implied by any other action, inaction, or acquiescence of any of the DIP Secured

Parties.

10.    Adequate Protection for the Prepetition Term Loan Credit Agreement

Lenders and the Prepetition Second Lien Noteholders.    The Prepetition Term Loan Credit

Agreement Agent and the Prepetition Second Lien Trustee, for the benefit of themselves and

secured parties under the Prepetition Term Loan Credit Documents and the Prepetition Second

Lien Indenture Documents, respectively (collectively, the "Adequate Protection Parties"), shall

be granted as adequate protection (collectively, the "Adequate Protection Obligations"), pursuant

to sections 361, 507, 363(e), and 364(d)(1) of the Bankruptcy Code or otherwise, in exchange for

the consent of the Prepetition Term Loan Credit Agreement Lenders and the Prepetition Second

Lien Noteholders to the priming effectuated by the DIP Facility, consent to the use of the

Prepetition Collateral (including Cash Collateral) and the consent to the transactions

contemplated by the DIP Facility, on account of and to the extent of any diminution in the value

(each such diminution, a "Diminution in Value") of the prepetition liens and security interests of

such party resulting from the imposition of the automatic stay, or the use, sale, lease, or grant by

the Obligors of the Prepetition Collateral (including, without limitation, Cash Collateral), the

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 40
DEBTOR:   REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

priming of the prepetition liens and security interests of the Prepetition Term Loan Credit

Agreement Lenders and the Prepetition Second Lien Noteholders and the stay of enforcement of

any prepetition security interest arising from section 362 of the Bankruptcy Code, or otherwise,

the following:

> (a)   _Adequate Protection Liens_.  The Adequate Protection Parties were
>
> granted, for the reasons set forth above in this paragraph 10, effective and perfected as of
>
> the Interim Order Entry Date and without the necessity of the execution of mortgages,
>
> security agreements, pledge agreements, financing statements or other agreements, a
>
> security interest in and lien on all Collateral of the Obligors (together, the "Adequate
>
> Protection Liens"), subject and subordinate only to (x) the Carve-Out, (y) the DIP Liens,
>
> and (z) the Senior Liens.  Except with respect to the Carve-Out, the DIP Liens, and any
>
> valid and non-avoidable liens as of the Filing Date that were permitted pursuant to the
>
> terms of the Prepetition 2012 Credit Agreement and which were senior to the liens
>
> granted in connection with the Prepetition 2012 Credit Documents and that were either
>
> perfected as of the Filing Date or subsequently perfected pursuant to section 546(b) of the
>
> Bankruptcy Code, Adequate Protection Liens shall not, at any time, be (i) made subject
>
> or subordinated to, or made _pari passu_ with any other lien, security interest or claim
>
> existing as of the Filing Date, or created under sections 363 or 364(d) of the Bankruptcy
>
> Code or otherwise or (ii) made subject to any lien or security interest that is avoided and
>
> preserved for the benefit of the Obligors' estates under section 551 of the Bankruptcy
>
> Code, but in each case, shall be subject to the Prepetition Intercreditor Agreements.

_Approved by Judge Judith H. Wizmur April  22, 2013_

DEBTOR:     REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

        (b)        <u>Superpriority Claim with Respect to the Prepetition Secured Obligations</u>.  The Adequate Protection Parties were granted as of the Interim Order Entry Date and are hereby granted, as and to the extent provided by section 507(b) of the Bankruptcy Code, a super-priority administrative expense claim against the Debtors' estates on a joint and several basis, senior to all other super-priority claims and other administrative expense claims except the DIP Lender Superpriority Claim and the Carve-Out (such claim, the "<u>Prepetition Debt Adequate Protection Claim</u>").  The Prepetition Debt Adequate Protection Claim shall have recourse to and be payable from all Collateral; <u>provided</u> that the Prepetition Term Loan Credit Agreement Agent and the Prepetition Second Lien Trustee shall not receive or retain any payments, property or other amounts in respect of such superpriority claims unless and until the Secured Obligations and the Carve-Out have indefeasibly been paid in cash in full.  The Adequate Protection Obligations shall be for the benefit of the secured parties under the Prepetition Term Loan Credit Agreement Documents, on a senior basis, and the Prepetition Second Lien Indenture Documents, on a junior basis, in accordance with the priorities as among such parties as were in effect on the Filing Date in accordance with the Prepetition Intercreditor Agreements.

        (c)        <u>Reservation of Rights</u>.  Except as expressly provided herein and in the Prepetition Intercreditor Agreements, nothing contained in this Final Order (including, without limitation, the authorization to use any Cash Collateral) shall impair or modify any rights, claims or defenses available in law or equity to the Adequate

Page 42
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Protection Parties or the Debtors (except as otherwise expressly provided hereunder),
including with respect to any rights, claims or defenses that may arise in the event any
relief requested in the Motion is not granted.  The consent of the Adequate Protection
Parties to the priming of the Prepetition Liens by the DIP Liens (a) is limited solely to the
Financing and does not extend to any other postpetition financing the Obligors may
subsequently propose to enter into and (b) does not constitute, and shall not be construed
as constituting, an acknowledgement or stipulation by the Adequate Protection Parties
that, absent such consent, their respective interests in the Prepetition Collateral would be
adequately protected pursuant to this Final Order.  Nothing in this Final Order shall
constitute an admission that the Adequate Protection Parties are not entitled to payment
under section 506(b) of the Bankruptcy Code.

11.    Perfection of DIP Liens and Adequate Protection Liens.  (a) The DIP
Agent, the Prepetition Term Loan Credit Agreement Agent and the Prepetition Second Lien
Trustee were by the Interim Order and are hereby authorized, but not required, to file or record
financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar
instruments in any jurisdiction, or take possession of or control over, or take any other action in
order to validate and perfect the liens and security interests granted to them hereunder, in each
case, without the necessity to pay any mortgage recording fee or similar fee or tax.  Whether or
not the DIP Agent on behalf of the DIP Secured Parties, the Prepetition Term Loan Credit
Agreement Agent on behalf of the Prepetition Term Loan Credit Agreement Lenders and the
Prepetition Second Lien Trustee on behalf of the Prepetition Second Lien Noteholders shall, in

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

their sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable, and not subject to challenge, dispute or subordination (other than as provided in the Prepetition Intercreditor Agreements), at the time and on the Interim Order Entry Date.  The Obligors shall, if requested, execute and deliver to the DIP Agent, the Prepetition Term Loan Credit Agreement Agent, and the Prepetition Second Lien Trustee all such agreements, financing statements, instruments and other documents as the DIP Agent, the Prepetition Term Loan Credit Agreement Agent, and the Prepetition Second Lien Trustee may reasonably request to more fully evidence, confirm, validate, perfect, preserve, and enforce the DIP Liens and the Adequate Protection Liens, all such documents will be deemed to have been recorded and filed as of the Filing Date.

(b)      A certified copy of this Final Order may, in the discretion of the DIP Agent, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien, or similar instruments, and all filing offices are hereby directed to accept such certified copy of this Final Order for filing and recording.

12.    <u>Access to Collateral</u>.  Notwithstanding anything contained herein to the contrary, and without limiting any other rights or remedies of the DIP Secured Parties contained in this Final Order or the DIP Documents, or otherwise available at law or in equity, and subject

Page 44
DEBTOR:     REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

to the terms of the DIP Documents, upon three (3) Business Days' written notice to the landlord,

lienholder, licensor, or other third party owner of any leased or licensed premises or intellectual

property that an Event of Default under the DIP Documents or a default by any of the Obligors

of any of their obligations under this Final Order has occurred and is continuing, the DIP Agent

(i) may, only subject to any separate agreement by and between the applicable landlord or

licensor (the terms of which shall be reasonably acceptable to the parties thereto), enter upon any

leased or licensed premises of any of the Obligors for the purpose of exercising any remedy with

respect to Collateral located thereon and (ii) subject to applicable law, shall be entitled to all of

the Obligors' rights and privileges as lessee or licensee under the applicable license and to use

any and all trademarks, trade-names, copyrights, licenses, patents or any other similar assets of

the Obligors, which are owned by or subject to a lien or license of any third party and which are

used by the Obligors in their businesses, in either the case of subparagraph (i) or (ii) of this

paragraph without interference from lienholders or licensors thereunder; provided, however, that

the DIP Agent shall pay only rent and additional rent, fees, royalties or other obligations of the

Obligors that first arise after the DIP Agent's written notice referenced above and that are

payable during the period of such occupancy or use by the DIP Agent, as the case may be,

calculated on a *per diem* basis.  To the extent applicable law prohibits the forgoing access or use

of rights, the DIP Agent shall have the right to an expedited hearing on five (5) Business Days'

notice to obtain Court authorization to obtain such access and/or use such rights.  Nothing herein

shall require the Obligors or the DIP Agent to assume or assign any lease or license under

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 45
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

section 365(a) of the Bankruptcy Code as a precondition to the rights afforded to the DIP Agent

in this paragraph.

13.    <u>Automatic Stay Modified</u>.  The automatic stay provisions of section 362 of

the Bankruptcy Code were by the Interim Order and hereby are vacated and modified without the

need for any further order of this Court to:

(a)    whether or not an Event of Default under the DIP Documents has

occurred, (i) require all cash, checks, or other collections or proceeds from Collateral

received by any of the Obligors to be deposited in accordance with the requirements of

the DIP Documents, and to apply any amounts so deposited and other amounts paid to or

received by the DIP Secured Parties under the DIP Documents in accordance with any

requirements of the DIP Documents, and (ii) require mandatory prepayments in

accordance with the requirements of the DIP Documents, in each case, without further

order of this Court;

(b)    following an Event of Default under the DIP Documents, allow the

DIP Agent to exercise any and all of their rights and remedies in accordance with the

terms of the DIP Documents, and to take all actions required or permitted by the DIP

Documents without necessity of further Court orders; <u>provided</u> that the DIP Agent shall

give three (3) Business Days' prior notice to the Borrower, the U.S. Trustee, and the

Creditors' Committee of such action; <u>provided</u>, <u>further</u>, <u>however</u>, that this Final Order

shall not prejudice the rights of any party-in-interest to oppose, and request an emergency

hearing with respect to, the exercise of the DIP Secured Parties' remedies; and

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 46
DEBTOR:        REVEL AC, INC., et al.
CASE NO.:     13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

(c)       enable the Engagement Parties (as defined in the Exit Facility

Engagement Letter) to perform under the Exit Facility Engagement Letter and Exit

Facility Fee Letter and to exercise any and all of their contractual rights thereunder.

14.    Subsequent Reversal or Modification.   This Final Order is entered

pursuant to, *inter alia*, section 364 of the Bankruptcy Code, and Bankruptcy Rules 4001(b) and

(c), granting the DIP Secured Parties all protections afforded by section 364(e) of the Bankruptcy

Code.  If any or all of the provisions of this Final Order are hereafter reversed, modified, vacated

or stayed, that action will not affect (i) the validity of any obligation, indebtedness or liability

incurred hereunder by any of the Obligors to the DIP Secured Parties prior to the date of receipt

by the DIP Agent of written notice of the effective date of such action, (ii) the payment of any

fees required under this Final Order or the DIP Documents, and/or (iii) the validity and

enforceability of any lien, claim, obligation, or priority authorized or created under this Final

Order or pursuant to the DIP Documents as of such date.  Notwithstanding any such reversal,

stay, modification, or vacatur, any postpetition indebtedness, obligation or liability incurred by

any of the Obligors to any of the DIP Secured Parties, prior to written notice being delivered to

the DIP Agent of the effective date of such action, shall be governed in all respects by the

original provisions of this Final Order, and the DIP Secured Parties shall be entitled to all the

rights, remedies, privileges, and benefits granted herein and in the DIP Documents with respect

to all such indebtedness, obligations or liability.

15.    Restriction on Use of Lenders' Funds.  Notwithstanding anything herein to

the contrary, no Collateral, proceeds thereof, Cash Collateral, Prepetition Collateral, proceeds

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:        REVEL AC, INC., et al.
CASE NO.:      13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

thereof, proceeds of the Financing, or any portion of the Carve-Out may be used by any of the

Obligors, the Obligors' estates, any Creditors' Committee, any trustee or examiner appointed in

the Chapter 11 Cases or any chapter 7 trustee, or any other person, party or entity to, in any

jurisdiction anywhere in the world, directly or indirectly to (a) request authorization to obtain

postpetition financing (whether equity or debt) or other financial accommodations pursuant to

section 364(c) or (d) of the Bankruptcy Code, or otherwise, other than (i) from the DIP Agent or

(ii) if such financing is sufficient to indefeasibly pay all Secured Obligations in full in cash and

such financing is immediately so used; (b) assert, join, commence, support, investigate, or

prosecute any action for any claim, counter-claim, action, cause of action, proceeding,

application, motion, objection, defense, or other contested matter seeking any order, judgment,

determination, or similar relief against, or adverse to the interests of, in any capacity, the

Releasees, with respect to any transaction, occurrence, omission, or action, including, without

limitation, (i) any action arising under the Bankruptcy Code against a Releasee; (ii) any so-called

"lender liability" claims and causes of action against a Releasee; (iii) any action with respect to

the legality, enforceability, validity, extent, perfection, and priority of the Secured Obligations,

the DIP Lender Superpriority Claim, the Adequate Protection Obligations, the Prepetition

Secured Obligations, or the Prepetition Secured Debt Documents, or the legality, enforceability,

validity, extent, perfection, and priority of the DIP Liens, the Prepetition Liens, or the Adequate

Protection Liens; (iv) any action seeking to invalidate, set aside, avoid, reduce, set off, offset,

recharacterize, subordinate (whether equitable, contractual, or otherwise), recoup against,

disallow, impair, raise any defenses, cross-claims, or counter claims or raise any other challenges

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 48
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

under the Bankruptcy Code or any other applicable domestic or foreign law or regulation against

or with respect to the DIP Liens, the DIP Lender Superpriority Claim, the Prepetition Liens, the

Adequate Protection Obligations, or any other obligations under the Prepetition Secured Debt

Documents in whole or in part; (v) appeal or otherwise challenge the Interim Order, this Final

Order, the DIP Documents, or any of the transactions contemplated herein or therein; and/or

(vi) any action that has the effect of preventing, hindering, or delaying (whether directly or

indirectly) the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the

Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement

Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second Lien

Trustee, and the Prepetition Second Lien Noteholders in respect of their respective liens on and

security interests in the Collateral or the Prepetition Collateral or any of their rights, powers, or

benefits hereunder or in the Prepetition Secured Debt Documents or the DIP Documents

anywhere in the world; and/or (c) pay any claim of a prepetition creditor except as permitted

under the DIP Documents; provided, however, that the Creditors' Committee may use (in

accordance with the DIP Documents) up to $50,000 (the "Investigation Fund") to investigate the

liens and claims of, and claims against, the Prepetition 2012 Credit Agreement Agent, the

Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement

Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second Lien

Trustee, and the Prepetition Second Lien Noteholders in respect of the respective Prepetition

Secured Debt Documents applicable to each of the foregoing parties, but may not use the

Investigation Fund to initiate, assert, join, commence, support, or prosecute any actions or

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 49
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

discovery with respect thereto; provided further, however, that the Creditors' Committee shall not commence such investigation or have access to the Investigation Fund until June 15, 2013, and only to the extent that the effective date of the Reorganization Plan has not occurred on or before such date and, if such investigation commences, then the Creditors' Committee deadline to conclude such investigation and access the Investigation Fund will be August 14, 2013.  If any investigation referenced in the prior sentence commences pursuant to the terms thereof, the Obligors shall, if requested, provide all agreements, financing statements, instruments and other documents that counsel for the Creditors' Committee may reasonably request to more fully evidence, confirm or validate the validity, enforceability and perfection of the liens arising under the Prepetition Secured Debt Documents.  The DIP Agent reserves the right to object to, contest, or otherwise challenge any claim incurred in connection with any activities described in subparagraph (b) of this paragraph 15 (other than as permitted in connection with the Investigation Fund in an amount not exceeding such Investigation Fund) on the ground that such claim should not be allowed, treated, or payable as an administrative expense claim for purposes of section 1129(a)(9)(A) of the Bankruptcy Code.

16.    Claims Stipulation Investigation Period Reservation of Rights.    The stipulations set forth in paragraph E of this Final Order (together the "Claims Stipulation") shall not be binding on any person or entity, other than the Debtors, until the expiration of the seventy-five (75) day period from the Filing Date for all parties in interest to investigate the accuracy of the Claims Stipulation (in each case, as such date may be extended by the Requisite Lenders or by the Court for cause shown, the "Investigation Termination Date"); provided, however, that

Approved by Judge Judith H. Wizmur April  22, 2013

Page 50
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

upon the occurrence of the effective date of the Reorganization Plan, the investigation periods set

forth herein shall automatically terminate. Notwithstanding anything herein to the contrary,

nothing contained in this paragraph shall alter the restrictions contained in paragraph 15 hereof.

Any assertion of claims or causes of action of the Obligors or their estates against any of the

Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the

Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement

Lenders, the Prepetition Second Lien Trustee, or the Prepetition Second Lien Noteholders must

be made, on or before the Investigation Termination Date, by (i) filing a motion to obtain

standing to pursue such an action (which motion attaches the complaint or pleading that would

initiate such action) or (ii) if standing exists, properly commencing an adversary proceeding.  If

no such action or motion is filed on or before the Investigation Termination Date, all persons and

entities shall be forever barred from bringing or taking such action and the Claims Stipulations

shall be permanently and irrevocably binding upon all persons and entities.   Any Claim

Stipulation that is not expressly challenged in an adversary proceeding (or with respect to which

authority to obtain standing has not been requested as set forth above) before the Investigation

Termination Date shall remain in full force and effect and shall permanently and irrevocably

bind all entities and persons, despite the filing of any other adversary proceeding or motion in

accordance with this paragraph.  Notwithstanding anything to the contrary herein, if prior to the

Investigation Termination Date the Chapter 11 Cases are converted to chapter 7 or if a trustee is

appointed in the Chapter 11 Cases, the Investigation Termination Date shall be extended for an

additional 60 days from the date of the conversion of the Chapter 11 Cases to chapter 7 or the

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 51
DEBTOR:   REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

date of the appointment of the chapter 11 trustee, as applicable.  For the avoidance of doubt, in

the event that it is determined by this Court after a successful challenge, if any, in accordance

with the terms of the DIP Documents, as to the validity, perfection or enforceability of the

Prepetition Secured Debt Documents, the liens granted thereunder or any repayment of

indebtedness in respect thereof, the Court, after notice and a hearing, reserves the right to unwind

and reallocate payments (other than payments that have been distributed to any of the lenders

under the Prepetition 2012 Credit Agreement or the Prepetition Term Loan Credit Agreement or

any of the noteholders under the Prepetition Second Lien Indenture), or any portion thereof made

to the Prepetition 2012 Credit Agreement Agent, the Prepetition Term Loan Credit Agreement

Agent or the Prepetition Second Lien Trustee, for the benefit of themselves or the secured parties

under the Prepetition 2012 Credit Documents, Prepetition Term Loan Credit Documents or the

Prepetition Second Lien Indenture Documents, and modify any liens and claims granted pursuant

to the Interim Order or this Final Order.

17.   Reporting.  Copies of all financial and other written material reports

provided to the DIP Secured Parties pursuant to the terms of the DIP Documents shall be

provided to counsel for the Creditors' Committee promptly thereafter.

18.   Collateral Rights.  Except as expressly permitted in this Final Order or the

DIP Documents, in the event that any person or entity that holds a lien on or security interest in

Collateral of the Obligors' estates, or Prepetition Collateral that is junior and/or subordinate to

the DIP Liens or Prepetition Liens in such Collateral or Prepetition Collateral receives or is paid

the proceeds of such Collateral or Prepetition Collateral, or receives any other payment with

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 52
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

respect thereto from any other source, prior to indefeasible payment in full in cash and the

complete satisfaction of all Secured Obligations under the DIP Documents and the Prepetition

Secured Obligations under the Prepetition Secured Debt Documents, and termination of the

Revolving Credit Commitments in accordance with the DIP Documents and the Prepetition

Secured Debt Documents, such junior or subordinate lienholder shall be deemed to have

received, and shall hold, the proceeds of any such Collateral of the Obligors' estates, in trust for

the DIP Lenders, and shall immediately turnover such proceeds to the DIP Agent for application

in accordance with the DIP Documents and this Final Order.

19.    Prohibition on Additional Liens.    Except as provided in the DIP

Documents and/or this Final Order, the Obligors shall be enjoined and prohibited from, at any

time during the Chapter 11 Cases until such time as the Secured Obligations have been

indefeasibly paid in full, granting liens on or security interests in the Collateral or any portion

thereof to any other entities, pursuant to section 364(d) of the Bankruptcy Code or otherwise,

which liens are junior to, senior to, or *pari passu* with the DIP Liens, the Adequate Protection

Liens, and the Prepetition Liens.

20.    IGT.  Notwithstanding anything in this Final Order to the contrary, to the

extent IGT has a valid and non-avoidable perfected lien as of the Filing Date (the "IGT

Prepetition Lien") that is senior in priority to the liens granted in connection with the Prepetition

2012 Credit Agreement, such IGT Prepetition Lien shall maintain its priority status over the DIP

Liens with respect to the relevant property.

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 53
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

21.    Imperial Woodworking.  To the extent Imperial Woodworking's lien is

valid, unavoidable and perfected prepetition and is both (x) senior in priority to the liens granted

in connection with the Prepetition 2012 Credit Agreement and (y) is either permitted (i) pursuant

to the Prepetition 2012 Credit Agreement or (ii) with respect to statutory liens, pursuant to

applicable law, it is not primed by the DIP Facility.

22.    Stone Concrete, Inc.  To the extent Stone Concrete Inc.'s lien is valid,

unavoidable and perfected prepetition and is both (x) senior in priority to the liens granted in

connection with the Prepetition 2012 Credit Agreement and (y) is either permitted (i) pursuant to

the Prepetition 2012 Credit Agreement or (ii) with respect to statutory liens, pursuant to

applicable law, it is not primed by the DIP Facility.

23.    No Waiver.  This Final Order shall not be construed in any way as a

waiver or relinquishment of any rights that any of the DIP Secured Parties, the Prepetition 2012

Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term

Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the

Prepetition Second Lien Trustee, or the Prepetition Second Lien Noteholders may have to bring

or be heard on any matter brought before this Court, including, for the avoidance of doubt, to

object to the Committee's Professional Fees.

24.    Sale/Conversion/Dismissal/Plan.  (a) No order providing for either the

sale of the ownership of the stock of the Obligors or their affiliates or the sale of all or

substantially all of the assets of the Obligors under section 363 of the Bankruptcy Code shall be

entered by the Court unless, in connection and concurrently with any such event, (i) the proceeds

DEBTOR:   REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

of such sale shall be used to satisfy, in cash the Secured Obligations in accordance with and to

the extent provided for under the DIP Documents; (ii) such sale is expressly permitted under the

DIP Documents; or (iii) the DIP Lenders, the DIP Agent, or the required Lenders otherwise

consent.

(b)      If an order dismissing or converting any of these cases under

sections 305 or 1112 of the Bankruptcy Code or otherwise or an order appointing a

chapter 11 trustee or an examiner with expanded powers is at any time entered, and

unless otherwise agreed to by the DIP Agent with the consent of the Required Lenders,

such order shall provide that, in each case subject to the Carve-Out, (i) the DIP Liens, the

DIP Lender Superpriority Claim, and the Adequate Protection Obligations granted

hereunder and in the DIP Documents shall continue in full force and effect, remain

binding on all parties-in-interest, and maintain their priorities as provided in this Final

Order until all Secured Obligations and Adequate Protection Obligations are indefeasibly

paid in full in cash and completely satisfied and the commitments under the DIP

Documents are terminated in accordance with the DIP Documents, (ii) to the extent

permitted by applicable law, this Court shall retain jurisdiction, notwithstanding such

dismissal, for purposes of enforcing the DIP Liens, the Adequate Protection Liens, the

DIP Lender Superpriority Claim, and the Adequate Protection Obligations, and (iii) all

postpetition indebtedness, obligation or liability incurred by any of the Obligors to the

DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012

Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement Agent, the

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 55
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second Lien Trustee,

and the Prepetition Second Lien Noteholders prior to the date of such order, including,

without limitation, the Secured Obligations, shall be governed in all respects by the

original provisions of this Final Order, and the DIP Secured Parties, the Prepetition 2012

Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition

Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement

Lenders, the Prepetition Second Lien Trustee, and the Prepetition Second Lien

Noteholders shall be entitled to all the rights, remedies, privileges, and benefits granted

herein and in the DIP Documents with respect to all such indebtedness, obligations or

liability.

25.    Priority of Terms.  To the extent of any conflict between or among (a) the

express terms or provisions of any of the DIP Documents, the Motion, any other order of this

Court, or any other agreements, on the one hand, and (b) the terms and provisions of this Final

Order, on the other hand, unless such term or provision herein is phrased in terms of "as defined

in" or "as more fully described in" the DIP Documents or words of similar import, the terms and

provisions of this Final Order shall govern.

26.    No Third Party Beneficiary.  Except as explicitly set forth herein, no rights

are created hereunder for the benefit of any third party, any creditor or any direct, indirect or

incidental beneficiary.

27.    Rights Under Sections 363(k) and 1129(b).  The full amount of the

Secured Obligations and the Prepetition Secured Obligations may be used to "credit bid" for the

*Approved by Judge Judith H. Wizmur April 22, 2013*

DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

assets and property of the Obligors as provided for in section 363(k) of the Bankruptcy Code, in

accordance with the terms of the DIP Documents and Prepetition Secured Debt Documents

without the need for further Court order authorizing the same and whether such sale is

effectuated through section 363(k) and/or section 1129(b) of the Bankruptcy Code or otherwise

because, among other things, the denial of such rights would result in the Prepetition Secured

Obligations not receiving the indubitable equivalent of their claims.

28.    <u>Proofs of Claim</u>.  Notwithstanding anything to the contrary contained in

any prior or subsequent order of the Court, none of the Prepetition 2012 Credit Agreement

Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit

Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second

Lien Trustee, or the Prepetition Second Lien Noteholders shall be required to file any proof of

claim with respect to any of the Prepetition Secured Obligations or any obligations hereunder, all

of which shall be due and payable in accordance with the Prepetition Secured Debt Documents

or this Final Order, as applicable, without the necessity of filing any such proof of claim, and the

failure to file any such proof of claim shall not affect the validity or enforceability of any of the

Prepetition Secured Debt Documents, this Final Order, the Prepetition Secured Obligations or

any other obligations hereunder, or prejudice or otherwise adversely affect the rights, remedies,

powers, or privileges of the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012

Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement Agent, the Prepetition

Term Loan Credit Agreement Lenders, the Prepetition Second Lien Trustee, or the Prepetition

Second Lien Noteholders under the Prepetition Secured Debt Documents or this Final Order;

*Approved by Judge Judith H. Wizmur April 22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

provided, further, that, for the avoidance of doubt, the filing of any proof of claim by the

Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the

Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement

Lenders, the Prepetition Second Lien Trustee, or the Prepetition Second Lien Noteholders shall

not in any way prejudice or otherwise adversely affect such parties' rights, remedies, powers, or

privileges under the Prepetition Secured Debt Documents or this Final Order.

29.    Best Efforts.  If requested to do so by the DIP Agent, the Debtors shall use

their best efforts (subject to applicable law, including, without limitation, the Debtors' fiduciary

duties thereunder) to assist and cooperate with the sale of the Collateral.

30.    Incurrence of Indebtedness.  Except as expressly provided by the DIP

Documents, the Debtors shall not incur, create, assume, or permit to exist, directly or indirectly,

any Indebtedness.

31.    Exit Facilities Arrangements.  The Borrower was by the Interim Order and

is hereby authorized to continue to perform under the Exit Facility Engagement Letter and

related Exit Facility Fee Letter in each case with J.P. Morgan Securities LLC, as Exit Arranger,

and to consummate the transactions contemplated thereby.  Pursuant to the Exit Facility

Engagement Letter, the Exit Arranger will agree to continue syndication of the Exit Facilities,

and the Borrower will, among other things, agree to indemnify the Exit Arranger and its affiliates

as set forth thereunder.  The Borrower was by the Interim Order and is hereby authorized to pay

to the Exit Arranger (for the benefit of the Exit Arranger) the arrangement fee and (for the

benefit of the lenders that have made commitments under the Exit Facilities) the ticking fees on

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 58
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

the terms set forth in the Exit Facilities Term Sheet, in each case, as set forth in the Exit Facility Fee Letter.  The Borrower was by the Interim Order and hereby is authorized to continue to perform under agency fee letters with the administrative agents for the first-lien revolving portion of the Exit Facilities and the second-lien term portion of the Exit Facilities and pay the administrative agency fees as set forth in each such letter.  All of the amounts due and payable under the Exit Facility Engagement Letter and Exit Facility Fee Letter, including fees, expenses and other amounts due and owing incurred by the Engagement Parties (as defined in the Exit Facility Engagement Letter) in connection with the Transactions (as defined in the Exit Facility Engagement Letter) and reimburseable under the Exit Facility Engagement Letter shall be entitled (to the extent of any amounts then due and payable) to priority as administrative expense claims under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, whether or not the Exit Facilities are entered into or funded but subject to the provisions of this Final Order.

32.    Headings.  Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Final Order.

33.    No Consent.  No action, inaction or acquiescence by the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second Lien Trustee, or the Prepetition Second Lien Noteholders, including funding the Obligors' ongoing operations under this Final Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement

*Approved by Judge Judith H. Wizmur April 22, 2013*

Page 59
DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

---

Lenders, the Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit

Agreement Lenders, the Prepetition Second Lien Trustee, or the Prepetition Second Lien

Noteholders to a charge against the Collateral pursuant to sections 506(c), 552(b) or 105(a) of the

Bankruptcy Code.  None of the DIP Secured Parties, the Prepetition 2012 Credit Agreement

Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit

Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second

Lien Trustee, or the Prepetition Second Lien Noteholders shall be subject in any way whatsoever

to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral.

The "equities of the case" exception of section 552(b) of the Bankruptcy Code shall not apply to

the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders,

the Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit

Agreement Lenders, the Prepetition Second Lien Trustee, or the Prepetition Second Lien

Noteholders with respect to the Prepetition Secured Debt Documents and/or the Collateral.

34.    Waiver.  Effective upon entry of this Final Order, no person or entity shall

be entitled, directly or indirectly, to, except as expressly provided by paragraph 4 of this Final

Order with respect to the Carve-Out, charge or recover from the Collateral, whether by operation

of section 506(c) of Bankruptcy Code, sections 105 or 552(b) of the Bankruptcy Code, or

otherwise, or direct the exercise of remedies or seek (whether by order of this Court or

otherwise) to marshal or otherwise control the disposition of Collateral or Property after an Event

of Default under the DIP Documents, or termination or breach under the DIP Documents or this

Final Order.

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 60
DEBTOR:   REVEL AC, INC., et al.
CASE NO.:   13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

35.   <u>Adequate Notice</u>.  The notice given by the Obligors of the Final Hearing was given in accordance with Bankruptcy Rules 2002 and 4001, and the Local Bankruptcy Rules.  Under the circumstances, no further notice of the request for the relief granted at the Final Hearing is required.

36.   <u>Binding Effect Successors and Assigns</u>.  The DIP Documents and the provisions of this Final Order, including all findings herein, shall be binding upon all parties-in-interest in these Chapter 11 Cases, including, without limitation, the Obligors, the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second Lien Trustee, the Prepetition Second Lien Noteholders, any Creditors' Committee or examiner appointed in these Chapter 11 Cases, and the Obligors, and their respective successors and assigns (including any trustee or fiduciary hereinafter appointed as a legal representative of the Obligors or with respect to the property of the estates of the Obligors) whether in these Chapter 11 Cases, in any Successor Cases, or upon any dismissal of any such chapter 11 or chapter 7 case and shall inure to the benefit of the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second Lien Trustee, the Prepetition Second Lien Noteholders, and the Obligors, and their respective successors and assigns, <u>provided</u>, <u>however</u>, that the consent of the DIP Secured Parties, the Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the Prepetition Term Loan Credit

*Approved by Judge Judith H. Wizmur April  22, 2013*

DEBTOR:    REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

Agreement Agent, the Prepetition Term Loan Credit Agreement Lenders, the Prepetition Second

Lien Trustee, and the Prepetition Second Lien Noteholders to permit the use of Cash Collateral

hereunder and the agreement of the DIP Secured Parties to extend financing under the DIP

Documents shall terminate upon the appointment of any chapter 7 or 11 trustee, examiner with

expanded powers, or similar responsible person appointed for the estates of the Obligors.  In

determining to make any loan (whether under the DIP Loan Agreement, a promissory note, or

otherwise), to permit the use of Cash Collateral or in exercising any rights or remedies as and

when permitted pursuant to this Final Order or the DIP Documents, the DIP Secured Parties, the

Prepetition 2012 Credit Agreement Agent, the Prepetition 2012 Credit Agreement Lenders, the

Prepetition Term Loan Credit Agreement Agent, the Prepetition Term Loan Credit Agreement

Lenders, the Prepetition Second Lien Trustee, and the Prepetition Second Lien Noteholders shall

not (i) be deemed to be in control of the operations of the Obligors, or (ii) owe any fiduciary duty

to the Obligors, their respective creditors, shareholders, or estates.  Each stipulation, admission

and agreement contained in this Final Order shall also be binding upon all persons and entities

under all circumstances and for all purposes.

　　　　　37.    <u>Retention of Jurisdiction</u>.  This Court has and will retain jurisdiction to

enforce this Final Order according to its terms.

　　　　　38.    <u>The Interim Order</u>.  Except as specifically amended, supplemented or

otherwise modified hereby, all provisions of the Interim Order shall remain in effect and are

hereby ratified by this Final Order, and all Secured Obligations incurred and borrowings and

payments made and protections afforded to any party pursuant to the Interim Order are ratified

*Approved by Judge Judith H. Wizmur April  22, 2013*

Page 62
DEBTOR:      REVEL AC, INC., et al.
CASE NO.:    13-16253 (JHW)
CAPTION OF ORDER:  Final Order (A) Authorizing Debtors to Obtain Postpetition Financing
and Letters of Credit, (B) Granting Liens and Superpriority Claims, (C) Authorizing Use of Cash
Collateral, and (D) Granting Adequate Protections to Prepetition Secured Parties

and confirmed on a final basis and shall be deemed made in accordance with and pursuant to this

Final Order.   In the event of any inconsistency between the terms of this Final Order and the

terms of the Interim Order, the Motion or any DIP Document, the terms of this Final Order shall

govern.

39.    Objections Overruled.  All objections to the entry of this Final Order are,

to the extent not withdrawn, hereby overruled.

*Approved by Judge Judith H. Wizmur April  22, 2013*